Jeffrey S. Kravitz (SBN 66481)
jskravitz@foxrothchild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310.598.4150 | Facsimile: 310.556.9828

Jaemin Chang (SBN 232612)
jchang@foxrothchild.com
**FOX ROTHSCHILD LLP**
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: 415.364.5540 | Facsimile: 415.391.4436

Attorneys for Plaintiff LUMONDI, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LUMONDI, INC.,
a Delaware corporation,

Plaintiff,

vs.

AREA TREND, LLC, an Ohio limited liability company; KASPER HOLDINGS, LLC, an Ohio limited liability company; and DOES 1-50 inclusive,

Defendants.

Case No.:

**COMPLAINT FOR:**

1. **TRADEMARK INFRINGEMENT – COUNTERFEIT PRODUCTS** (15 U.S.C. §§ 1114(1),1125(a))
2. **TRADEMARK DILUTION** (15 U.S.C. § 1125(c))
3. **FALSE ADVERTISING** (15 U.S.C. § 1125(a))
4. **FEDERAL UNFAIR COMPETITION** (15 U.S.C. §§ 1117, 1125(a))
5. **CALIFORNIA UNFAIR COMPETITION** (CAL. BUS. & PROF. CODE § 17200, *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiff LUMONDI, INC. ("Lumondi" ), for its Complaint against Defendants AREA TREND, LLC, an Ohio limited liability company; KASPER HOLDINGS, LLC, an Ohio limited liability company; and DOES 1-50 (collectively, "Defendants"), alleges and states as follows:

## NATURE OF THE ACTION

1. The LUMINOX® Swiss watches are highly regarded for their distinctive elements, such as their Swiss self-powered illumination using tritium and automatic movement systems. Lumondi is the exclusive importer and distributor of genuine LUMINOX Swiss watches and accessories for sale and distribution within the United States.

2. Lumondi is the owner of the federal trademark Registration No 2,329,580 (" '580 Registration") for the word "LUMINOX"; federal trademark Registration No. 2,125,932 (" '932 Registration") for the shield design logo which includes the word "LUMINOX." (The '580 Registration and the '932 Registration are collectively referred to as "Lumondi Trademarks.") The Lumondi Trademarks shown below are recognized worldwide and are directly associated with the LUMINOX Swiss watches imported and distributed by Lumondi.




'580 Registration




'932 Registration

3. This case arises out of Defendants' willful violation of Lumondi's intellectual property rights in connection with their tampering with LUMINOX branded watches, removing production codes, stamping counterfeit LUMINOX logos, and selling the counterfeit LUMINOX branded watches over the Internet. Said conduct of the Defendants constitute trademark counterfeit and dilution, creates

consumer confusion, and competes unfairly with Lumondi. Defendants are trading on Lumondi's goodwill and reputation to Lumondi's detriment.

4. Lumondi asserts claims for trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114(1), 1125(a), trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and for the related unfair competition claim under the Lanham Act, 15 U.S.C. §§ 1117 & 1125 (a) and the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq*. The claims arise out of Defendants' actions with respect to LUMINOX branded Swiss watches as more fully described herein.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over the claims in this action that relate to trademark counterfeiting, trademark dilution, false advertising and federal unfair competition pursuant to 15 U.S.C. §§ 1121 and 1125 as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. § 1367(a) because the state law unfair competition claim is so related to the federal claims that it forms part of the same case or controversy and derives from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendants by virtue of the fact that Defendants are online retailers who regularly transact and conduct business within this district, including, without limitation, Defendants have imported, distributed, offered for sale, sold, and/or shipped goods to and from persons within this district. Defendants have otherwise made or established sufficient contracts within this district to permit the Court to exercise personal jurisdiction over the Defendants. Defendants, each of them, have and are continuing to transact business within this district.

//

//

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because substantial part of the acts and omissions giving rise to Lumondi's claims occurred in this district and Defendants have sufficient connection with this district.

**THE PARTIES**

8. Lumondi is a Delaware corporation organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in San Rafael, California. Lumondi owns the '580 Registration, the word "LUMINOX" for watches and related accessories in class 14, and the '932 Registration and continues to be the owner of all legal rights, title, and interest in, to, and under the '580 Registration and the '932 Registration. (A true and correct copy of the '580 Registration and the '932 Registration are attached hereto as Exhibit A and incorporated by reference herein.) As the exclusive U.S. importer and distributor, Lumondi enforces the Lumondi Trademarks within the United States. Moreover, the distribution and sales of LUMINOX products within the United States are strictly controlled by the manufacturer and Lumondi.

9. Defendant Area Trend, LLC is a limited liability company organized and existing under the laws of the State of Ohio, and is headquartered in Akron, Ohio. (A true and correct copy of Area Trend LLC's Articles of Organization filed on January 8, 2014, with the Ohio Secretary of State is attached hereto as Exhibit B and incorporated by reference herein.) It is an online retailer engaged in interstate commerce selling brand name watches and accessories through its websites, www.areatrend.com and www.mrwatch.com, and web storefronts with ecommerce channels, such as Amazon.com. (True and correct printouts of the homepage, "Frequently Asked Questions – Mr. Watch," Luminox watch search result, and "Luminox LAND Collection Style No. 0201.BO" listings accessed from www.areatrend.com are attached hereto as Exhibit C and incorporated by reference herein. A true and correct printout of AreaTrend's seller details page from Amazon.com is attached hereto as Exhibit D and incorporated by reference herein.)

10. Defendant Area Trend, LLC does business in this district and holds itself out as a retailer of genuine LUMINOX brand watches. Defendant Area Trend, LLC is a successor in interest to Defendant Kasper Holdings, LLC, in the alternative, an alter ego of Defendant Kasper Holdings, LLC.

11. Defendant Kasper Holdings, LLC is a limited liability company organized and existing under the laws of the State of Ohio, and is headquartered in Akron, Ohio. (A true and correct copy of Kasper Holdings, LLC's Articles of Organization filed on December 23, 2005, with the Ohio Secretary of State is attached hereto as Exhibit E and incorporated by reference herein.) It is an online retailer doing business as "Mister Watch Online" engaged in interstate commerce selling brand name watches and accessories through its websites, www.mrwatch.com, www.areatrend.com, and web-storefront on Amazon.com. (A true and correct copy of Kasper Holdings, LLC's registration of the trade name "Mister Watch Online" is attached hereto as Exhibit F and incorporated by reference herein.)

12. Defendant Kasper Holdings, LLC does business in this district and holds itself out as a retailer of genuine LUMINOX brand watches. Upon information and belief, Lumondi alleges that Defendant Kasper Holdings, LLC is a predecessor in interest to Defendant Area Trend, LLC, in the alternative, an alter ego of Defendant Area Trend, LLC.

13. Upon information and belief, Lumondi alleges that Defendants Area Trend, LLC and Kasper Holdings, LLC are alter egos of each other. Both Defendants are owned and controlled by Eric Kasper, and Defendant Area Trend, LLC states on its website that it has been in business since 2003 as www.mrwatch.com, the same website used by Defendant Kasper Holdings, LLC. The www.mrwatch.com website points and directs the consumers to Defendant Area Trend, LLC's website, www.areatrend.com, and the homepage to www.areatrend.com website contains a statement that "MrWatch.com is now AreaTrend.com." (See p. 2 of Exhibit C.)

//

14. Lumondi does not know the true names of Defendants DOES 1 to 50 and therefore sues them by those fictitious names. Lumondi is informed and believes, and on the basis of that information and belief alleges, that each of those Defendants was in some manner legally responsible for the events and happenings alleged in this Complaint and for Lumondi's damages. The names, capacities and relationships of DOES 1 to 50 will be alleged by amendment to this Complaint when they become known.

## FACTUAL ALLEGATIONS

### I. LUMINOX PRODUCTS

15. The LUMINOX® Swiss watches' distinctive qualities include, among others, their tritium self-powered illumination which is brighter than its competing brands. Moreover, strict quality control is implemented with every aspect of the LUMINOX Swiss watches--from its production, distribution to warranty servicing.

16. Each watch is stamped with a unique quality code number ("Quality Code"). The Quality Codes are stamped on each LUMINOX watches for quality purposes, including enabling Lumondi and the manufacturer to recall or remove its products from specific markets when defects are noted, track the original distributor of each watch, protect the market from both counterfeit producers and diverters, and thereby protect the reputation of the LUMINOX brand and Lumondi Trademarks. The Quality Codes also identify the intended territorial markets to which the watches will be shipped.

17. Lumondi holds an import and storage license issued by the Nuclear Regulatory Commission ("NRC") in connection with its import and storage of LUMINOX watches because they contain tritium, a regulated substance which illuminates each of LUMINOX watches. A valid license issued by the NRC is required to import products containing tritium into the United States.

//

//

18. The manufacturer and Lumondi do not extend manufacturer's warranties to LUMINOX brand watches imported or resold within the United States by unauthorized importers and/or distributors ("Gray Market Watches").

19. Genuine LUMINOX watches are covered by a two-year manufacturing defect warranty and a ten-year Luminox Light Technology warranty. These warranties are not extended to watches that have been tampered, Gray Market Watches or counterfeit watches.

20. The Gray Market Watches are materially different from the genuine LUMINOX watches because they are not covered by the manufacturer's warranties and were imported and/or distributed within the United States without complying with the Nuclear Regulatory Commission's requirements.

**II. LUMONDI TRADEMARKS**

21. The '580 Registration for the word "LUMINOX" and the '932 Registration for the shield design logo which includes the word "LUMINOX" (hereinafter "Shield Logo") as shown below are directly associated with the LUMINOX Swiss watches and accessories.

**LUMINOX**

'580 Registration




'932 Registration

22. On or about April 18, 2006, Lumondi acquired the Lumondi Trademarks, including the '580 Registration, and all rights thereto by way of a merger with Richard Barry Marketing Group, Inc.

**III. DEFENDANTS' INFRINGING ACTIVITIES**

23. On or about July 2, 2008, Defendant Kasper Holdings, LLC began purchasing LUMINOX watches distributed by Lumondi. In connection therewith,

Defendant Kasper Holdings, LLC purposefully availed itself to this forum district, e.g., including, without limitation, placing orders and sending payments to this district.

24. On or about April 4, 2014, Defendant Area Trend, LLC began purchasing LUMINOX watches distributed by Lumondi. In connection therewith, Area Trend, LLC purposefully availed itself to this forum district, e.g., including, without limitation, placing orders and sending payments to this district.

25. In or about April 2014, Lumondi discovered that Defendants were reselling LUMINOX branded watches that had been tampered in that the Quality Codes from these watches were scratched off and counterfeit LUMINOX shield logos were stamped over the Quality Codes on the back of the watches. (These LUMINOX branded watches with their Quality Codes scratched off and counterfeit Shield Logos stamped over the codes are referred to hereinafter as "Counterfeit Watches.") Defendants were reselling these Counterfeit Watches with original LUMINOX International Warranty Cards from their websites and other unauthorized Internet storefronts, including, without limitation, Amazon.com. (See p.3 to Exhibit M)

26. In furtherance of Lumondi's due diligence and investigation of Defendants' Counterfeit Watches, on or about April 22, 2014, Lumondi purchased a Counterfeit Watch through Defendants' Amazon.com storefront. (A true and correct copy of the order confirmation and receipt issued by Defendants in connection with Lumondi's purchase of a counterfeit watch from Defendants' Amazon.com storefront is attached hereto as Exhibit H and incorporated by reference herein.) It was shipped to Petaluma, California. This particular watch had a counterfeit LUMINOX shield logo ('932 Registration) stamped over the Quality Code and came with an original LUMINOX International Warranty Card. (Copies of photographs depicting the counterfeit watch purchased from the Defendants on April 22, 2014, are attached hereto as Exhibit I and incorporated by reference herein.) The manufacturer confirmed that this watch is not a genuine product because it has been tampered with

and that the original manufacturer's warranties are not extended to the Counterfeit Watches.

27. Upon information and belief, Lumondi alleges that the Counterfeit Watches were sourced from foreign distributors who are not authorized to sell LUMINOX brand watches in the United States or unauthorized importers and/or distributors located within the United States ("Gray Market Watches").

28. Upon information and belief, Lumondi alleges that Defendants and/or their suppliers imported the Gray Market Watches without the benefit of licenses required by the Nuclear Regulatory Commission. Said licenses are required to import and distribute LUMINOX watches within the United States because each of LUMINOX watches contains tritium, a substance regulated by the Nuclear Regulatory Commission, to illuminate the watch faces and dials.

29. Upon information and belief, Lumondi alleges that Defendants, counterfeit producers, and/or unauthorized dealers have intentionally tampered with the Gray Market Watches by removing the Quality Codes and stamping the counterfeit Shield Logos over the Quality Codes ("Tampering").

30. Defendants, with actual knowledge of the Tampering and use of the counterfeit Shield Logo stamps, sold the Counterfeit Watches as genuine LUMINOX watches through its online channels. Defendants' websites represent to the public that each of their LUMINOX branded watches are authentic, shipped with original manufacturer's packaging and manuals, and covered by the manufacturer's warranties. On Defendants' Amazon.com storefront, they represented to the public that LUMINOX warranty would be provided with the watches. (A true and correct printout of Defendants' listing of a Luminox Men's Navy Seal watch 3051 on Amazon.com, which was accessed and printed on May 7, 2014, is attached hereto as Exhibit J and incorporated by reference herein.)

31. On May 16, 2014, Lumondi's counsel sent a formal cease and desist letter to the Defendants. Said letter notified Defendants of their blatant violation of

Lumondi's trademark, their deceptive advertising, and their sale of the Counterfeit Watches that are materially different from the authentic LUMINOX watches by virtue of the removed Product Codes, the counterfeit Shield Logo stamping, the void manufacturer's warranties, and failure to comply with import and storage requirements of the Nuclear Regulatory Commission. Lumondi demanded that Defendants stop selling the Counterfeit Watches and to provide an accounting of their sales of the Counterfeit Watches. (A true and correct copy of the May 16, 2014, cease and desist letter from Perla Kuhn, Esq. of Fox Rothschild, LLP to Area Trend, LLC is attached hereto as Exhibit K and incorporated by reference herein.)

32. On or about June 25, 2014, Defendants responded to Lumondi's cease and desist letter that only a small number of the Counterfeit Watches were sold and a few of the Counterfeit Watches remain in their inventory. Defendants also promised that it would stop selling them.

33. Upon information and belief, Lumondi alleges that sometime after June 25, 2014, Defendants replaced the statement "manufacturer's warranty" with "seller's warranty" on their Amazon.com storefront presumably in response to Lumondi's cease and desist letters.

34. Contrary to Defendants' promises to stop selling the Counterfeit Watches, they continued to sell them with the original manufacturer's warranty cards. In fact, on or about July 22, 2014, one of Lumondi's employees who resides in the Bay Area purchased a Counterfeit Watch through Defendants' Amazon.com storefront. It was shipped to Petaluma, California. This particular watch also had a counterfeit Shield Logo stamped over the Quality Code and it came with an original LUMINOX warranty card. (True and correct copies of the receipt issued by Defendants through Amazon.com, and packing slip and notice issued by Defendants on July 22, 2014, for a Counterfeit Watch are attached hereto as Exhibit L and incorporated by reference herein.) Again, the manufacturer confirmed that this watch is not a genuine product due to the Tampering and that manufacturer's warranties

would not be honored. (Copies of photographs depicting the counterfeit watch purchased from the Defendants on July 22, 2014, are attached hereto as Exhibit M and incorporated by reference herein.)

35. Defendants, through their agents, employees, or representatives, have and continue to, intentionally and willfully, infringe the '580 Registration and '932 Registration (the Shield Logo) by directly or indirectly Tampering the watches, making, using, offering for sale, selling, and distributing in interstate commerce the Counterfeit Watches.

36. Defendants have and are presently offering for sale, selling, and distributing the Counterfeit Watches on their websites.

37. Upon information and belief, Defendants are presently offering for sale, selling, and distributing Counterfeit Watches, either directly or indirectly, on other websites.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF LUMONDI TRADEMARKS

38. Lumondi realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

39. Defendants' Tampering, which includes stamping counterfeit Shield Logos, render the Counterfeit Watches materially different from the LUMINOX watches authorized for sale within the United States. Specifically, without limitation, these Counterfeit Watches are not covered by the manufacturer's warranties and they bear counterfeit Shield Logos.

40. Defendants' unauthorized use of the Lumondi Trademarks is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' Counterfeit Watches. The public is likely to believe that Defendants' Counterfeit Watches are of the same quality as the authentic LUMINOX watches distributed by Lumondi that are covered under the manufacturer's warranties.

//

41. Defendants' infringement of the Lumondi Trademarks is willful and intended to reap the benefit of the goodwill of the Lumondi and LUMINOX brand in violation of the Lanham Act.

42. Defendants have induced, caused, and/or contributed to the infringement of the Lumondi Trademarks by contributing to or inducing others to make, sell, offer for sale, or import into the United States the Counterfeit Watches covered by the Lumondi Trademarks.

43. The aforementioned conduct of the Defendants is causing immediate and irreparable injury to Lumondi and to its goodwill and reputation, and will continue to damage Lumondi and deceive the public unless enjoined by this Court. Lumondi has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**DILUTION OF LUMONDI TRADEMARKS**

44. Lumondi realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

45. Lumondi Trademarks are famous, distinctive and entitled to the broadest protection as the laws permit.

46. Defendants' unauthorized commercial use of the Shield Logo (on their Gray Market Watches and/or their Counterfeit Watches) is intended to trade off the reputation and goodwill of the mark and has diluted and continues to dilute the distinctive quality of the Lumondi Trademarks in terms of the exclusive source of the product.

47. Defendants' unauthorized use of the Lumondi Trademarks has further diluted the marks by associating them with an inferior product with inferior warranties.

48. Defendants do not own any federal or state registrations or trademark applications that would support any potential claims of first use of the Lumondi Trademarks.

49. The aforementioned conduct of Defendants is in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. The aforesaid conduct of the Defendants is causing immediate and irreparable injury to Lumondi and to its goodwill and reputation, and will continue to damage Lumondi and deceive the public unless enjoined by this Court. Lumondi has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**FALSE ADVERTISING UNDER 15 U.S.C. § 1125 (a)**

51. Lumondi realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

52. Defendants have and continue to distribute in interstate commerce advertisements that contain false and misleading statements regarding the Counterfeit Watches. Defendants' advertisements contain actual misstatements and/or misleading statements, to wit:

(A) The Counterfeit Watches are authentic LUMINOX brand watches.

(B) The Counterfeit Watches are covered under the original manufacturer's warranties.

53. Defendants' false and misleading advertisements fail to disclose the following:

(A) The Quality Codes have been removed.

(B) The counterfeit Shield Logos have been stamped over the Quality Code.

(C) The Counterfeit Watches are not covered under the original manufacturer's warranties.

54. In addition to the false and misleading statements and omissions, Defendants ship their Counterfeit Watches in the original manufacturer's packaging containing Lumondi Trademarks and also include the original manufacturer's International Warranty Cards. In so doing, Defendants further deceive, mislead and/or

confuse the consumer that these Counterfeit Watches are covered under the original manufacturer's warranties.

55. These false and misleading statements and omissions actually deceive, or have a tendency to deceive, a substantial segment of the consumers of Lumondi and LUMINOX watches. This deception is material because it concerns the integrity of the LUMINOX watches in terms of their warranties, appearance, and quality.

56. The Counterfeit Watches are materially different from the genuine LUMINOX watches authorized for sale within the United States.

57. Defendants' false and misleading advertising statements and omissions are injurious to the consumers and Lumondi.

58. Defendants' false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendants have caused, and will continue to cause, immediate and irreparable injury to Lumondi, including Lumondi's reputation and goodwill, for which there is no adequate remedy at law. Lumondi is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with Defendants from engaging in future acts of false advertising and ordering removal of all of Defendants' false advertisements.

60. Pursuant to 15 U.S.C. § 1117, Lumondi is further entitled to recover from Defendants the damages sustained by Lumondi as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a). Lumondi is at present unable to ascertain the full extent of the monetary damages it has sustained by reason of Defendants' acts.

61. Pursuant to 15 U.S.C. § 1117, Lumondi is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a). Lumondi is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts.

62. Pursuant to 15 U.S.C. § 1117, Lumondi is further entitled to recover the costs of this action. Moreover, Lumondi is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Lumondi to recover additional damages and reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**FEDERAL UNFAIR COMPETITION – FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN**

63. Lumondi realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

64. Lumondi Trademarks are famous, distinctive and entitled to the broadest protection as the laws permit.

65. Defendants' distribution and sale of the Gray Market Watches and the Counterfeit Watches constitute a false designation of original and false description or representation that they originate from, or are offered, sponsored, authorized, licensed by or otherwise connected with Lumondi and the original manufacturer.

66. Defendants' unauthorized use of the Lumondi Trademarks falsely represents to the public that the Gray Market Watches and the Counterfeit Watches originate from or are authorized by Lumondi, and that these watches are covered by the manufacturer's warranties, when in fact they are not. Said unauthorized use of the Lumondi Trademarks also places such watches outside Lumondi's reach to implement the brand's quality control measures.

67. Defendants' conduct is willful and intended to reap the benefit of the goodwill of Lumondi in violation of the Lanham Act.

68. Defendants have induced, caused, and/or contributed to the infringement of the Lumondi Trademarks by contributing to or inducing others to make, sell, offer for sale, or import into the United States the Gray Market Watches and the Counterfeit Watches covered by the Lumondi Trademarks.

69. The aforementioned conduct of the Defendants is causing immediate and irreparable injury to Lumondi and to its goodwill and reputation, and will continue to damage Lumondi and deceive the public unless enjoined by this Court. Lumondi has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

(Cal. Bus & Prof. Code § 17200, *et seq.* and California common law)

70. Lumondi realleges and incorporates by reference all of the preceding paragraphs of this Complaint as through fully set forth herein.

71. The foregoing acts of Defendants constitute unfair competition under California Business and Professions Code § 17200, *et seq.* and the common law of the State of California.

72. Lumondi is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair and unlawful competition in an amount that is not presently known to Lumondi. By reason of Defendants' wrongful acts as alleged in this Complaint, Lumondi has been damaged and is entitled to monetary relief in an amount to be determined at trial.

73. By their actions, Defendants have injured and violated Lumondi's rights and have irreparably injured Lumondi, and such irreparable injury will continue unless Defendants are enjoined by this Court.

WHEREFORE, Lumondi prays for the following relief:

(A) A judgment against Defendants that they infringed the Lumondi Trademarks in violation of 15 U.S.C. § 1125(a) by reproducing the Lumondi Trademarks and/or using counterfeited Shield Logos which is likely to cause confusion, mistake or deceive the consumers;

(B) A judgment against Defendants that they diluted the Lumondi Trademarks in violation of 15 U.S.C. § 1125(c) by reproducing the

Lumondi Trademarks and/or using counterfeited Shield Logos which is likely to cause confusion, mistake or deceive the consumers;

(C) A judgment against Defendants that they violated 15 U.S.C. § 1125(a) by distributing false, deceptive, or misleading advertisements in connection with their sale of the Counterfeit Watches that misrepresent the nature, quality and characteristics of the Counterfeit Watches;

(D) A judgment against Defendants that they violated 15 U.S.C. § 1125(a) and Cal. Bus & Prof. Code § 17200 *et seq.* by unfairly competing against Lumondi by counterfeiting the Shield Logo, infringing the Lumondi Trademarks, diluting the Lumondi Trademarks, and using deceptive and misleading advertising, among other unfair conduct;

(E) A temporary, preliminary and permanent injunction against Defendants, their officers, agents, employees, parent, and subsidiary corporations, assigns, successors in interest, and all persons in active concert or participation with them, enjoining them from engaging in the following activities and from assisting or inducing, either directly or indirectly, others to engage in the following activities:

(i) Imitating, reproducing, counterfeiting, copying, or making unauthorized use of the Lumondi Trademarks;

(ii) Removing, obscuring, altering, or otherwise defacing any aspects of LUMINOX products by removing or stamping over the Quality Codes, or any other acts that infringe the Lumondi Trademarks;

(iii) Importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, transporting, consigning, shipping, promoting or displaying LUMINOX products with Quality Codes removed, obscured or otherwise defaced;

(iv) Reproducing, counterfeiting, copying, or creating imitations of the Lumondi Trademarks, altering any aspects of LUMINOX products by removing or stamping over the Quality Codes, or any other acts that dilute the Lumondi Trademarks;

(v) Engaging in false or misleading advertising with respect to LUMINOX products, Gray Market Watches, Counterfeit Watches, and/or violating section 43 (a) of the Lanham Act;

(vi) Causing a likelihood of confusion or injuries to Lumondi's business reputation;

(vii) Unfairly competing with Lumondi in any manner whatsoever; or

(viii) Directly or indirectly instructing, assisting, aiding or abetting any other persons or entities in engaging in or performing any of the activities referenced in subparagraphs (i) through (vii) above.

(F) For an order requiring Defendants to correct their advertising and provide written notice to the public about the true nature, characteristics or qualities of the Gray Market Watches, Counterfeit Watches, and any LUMINOX branded goods offered for sale from their online channels;

(G) A judgment in favor of Lumondi that Defendants knowingly and willfully engaged in counterfeiting, infringing, and dilution of the Lumondi Trademarks;

(H) A judgment in favor of Lumondi that Defendants knowingly and willfully engaged in false and deceptive advertising;

(I) A judgment in favor of Lumondi that Defendants intentionally and willfully engaged in unfair competition;

(J) An accounting for damages, and judgment thereon, resulting from Defendants' counterfeiting and infringement of the Lumondi Trademarks, together with prejudgment and post-judgment interest;

(K) A judgment in favor of Lumondi and against Defendants in an amount equal to damages sustained by Lumondi and the profits earned by Defendants, cost of this action pursuant to 15 U.S.C. § 1117(a);

(L) A judgment in favor of Lumondi and against Defendants in statutory damages from their use of counterfeit mark alleged herein pursuant to 15 U.S.C. § 1117(c);

(M) A judgment holding this action to be an exceptional case and an award to Lumondi for its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

(N) For damages, directly and indirectly, caused by said acts of unfair competition, and for costs of suit; and

(O) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 27, 2014 FOX ROTHSCHILD LLP

By *_/s/ Jeffrey S. Kravitz_*
Jeffrey S. Kravitz
Jaemin Chang
Attorneys for Plaintiff LUMONDI, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff LUMONDI, INC. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 27, 2014 FOX ROTHSCHILD LLP

By *_/s/ Jeffrey S. Kravitz_*
Jeffrey S. Kravitz
Jaemin Chang
Attorneys for Plaintiff LUMONDI, INC..