1   Jeffrey S. Kravitz (SBN 66481)
    jskravitz@foxrothchild.com

2   **FOX ROTHSCHILD LLP**
    1800 Century Park East, Suite 300

3   Los Angeles, CA 90067-1506
    Telephone: 310.598.4150 | Facsimile:

4   310.556.9828

5   Jaemin Chang (SBN 232612)
    jchang@foxrothchild.com

6   **FOX ROTHSCHILD LLP**
    345 California Street, Suite 2200

7   San Francisco, CA 94104
    Telephone: 415.364.5540 | Facsimile:

8   415.391.4436

9   Attorneys for Plaintiff LUMONDI, INC.,
    a Delaware corporation

10

Donald R. Dinan (DC Bar No. 234997)
ddinan@ralaw.com
ROETZEL & ANDRESS LPA
600 14th Street, NW, Suite 400
Washington, DC 20005
Telephone (202) 625-0600

Richard A. Tamor (SBN 176529)
rtamor@tamorlaw.com
TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone (415) 655-1969
Facsimile (415) 887-7658

Attorneys for Defendants AREA TREND,
LLC, and KASPER HOLDINGS, LLC

11              UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15   LUMONDI, INC.,
     a Delaware corporation,

16              Plaintiff,

17        vs.

18   AREA TREND, LLC, an Ohio limited
     liability company; KASPER

19   HOLDINGS, LLC, an Ohio limited
     liability company; and DOES 1-50

20   inclusive,

21              Defendants.

22

Case No.: CV 14-03891 JD

**STIPULATED REQUEST FOR
DISMISSAL AND ORDER**

Date of Filing: August 27, 2014

23

24        Plaintiff LUMONDI, INC. ("Plaintiff") on the one hand and Defendants AREA

25   TREND, LLC and KASPER HOLDINGS, LLC ("Defendants"), on the other hand,

26   hereby stipulate as follows:

27        WHEREAS, Plaintiff commenced an action on August 25, 2014, in the United

28   States District Court, Northern District of California, against Defendants, case number

1   CV 14-03891 JC asserting claims styled as trademark infringement, trademark

2   dilution, false advertisement, and unfair competition (the "Pending Action").

3        WHEREAS, Plaintiff is the owner of all right, title and interest in the valid

4   trademarks U.S. Registration No. 2,329,580 (" '580 Registration") for the word

5   "LUMINOX"; Registration No. 2,125,932 (" '932 Registration") for the shield design

6   logo which includes the word "LUMINOX"; and a common law trademark in the

7   standard characters "LUMINOX" (which are referred to in this Agreement

8   collectively and severally as "Plaintiff's Trademarks").

9        WHEREAS, the Parties entered into a settlement agreement resolving the

10  disputes between them that are the subject of this action.

11       WHEREAS, Defendants' deadline to complete their performance under the

12  settlement agreement is ___5/12/2015_____.

13       Therefore, a copy of the fully executed settlement agreement referenced above

14  is attached hereto as Exhibit A and incorporated fully as a part of this dismissal order.

15       Therefore, the Parties hereby request entry of dismissal of the underlying action

16  with prejudice.

17       The Parties hereby further request that this Court retain jurisdiction for the

18  limited purposes of enforcing the settlement agreement, including entry of and

19  enforcement of the Consent Judgment, in this action in the event of a default under the

20  settlement agreement.

21  Dated:  April 23, 2015          FOX ROTHSCHILD LLP

22                                 By _Jaemin Chang /s/_____

23                                 Jaemin Chang
                               Attorneys for Plaintiff LUMONDI, INC.

24  Dated:  April 23, 2015          ROETZEL & ANDRESS

25

26                                 By _Donald R. Dinan /s/_____
                               Donald R. Dinan

27                                 Attorneys for Defendants AREA TREND, LLC

28                                 and KASPER HOLDINGS, LLC

1

## **ORDER**

2      ORDERED AND ENTERED, in the United States District Court for the

3    Northern District of California.

4

5    Dated: _____

6                                                    _____

7                                                    The Honorable Judge James Donato
                                                     United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## SETTLEMENT AGREEMENT

STIPULATED DISMISSAL AND ORDER                                        CASE NO. CV 14-03891 JD

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into this April 24, 2015 (the "Effective Date"), between the following parties Lumondi, Inc., a Delaware corporation ("Lumondi" or "Plaintiff"), on the one hand; and Area Trend, LLC, an Ohio limited liability company, Kasper Holdings, LLC, an Ohio limited liability company, and Eric Kasper, an individual (collectively "Defendants" and each a "Defendant").   Each Defendant and Plaintiff is referred to herein individually as a "Party," and collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, Plaintiff is the owner of all right, title and interest in the following valid trademarks: U.S. Registration No. 2,329,580 for the word "LUMINOX" and U.S. Registration No. 2,125,932 for the shield logo which includes the word "LUMINOX" (which are referred to in this Agreement collectively and severally as "Plaintiff's Trademarks").

WHEREAS, Plaintiff is the sole importer and distributor of LUMINOX brand watches into the United States.

WHEREAS, Defendants allegedly sold genuine LUMINOX brand watches in the United States purchased from unauthorized sellers, importers, distributors, wholesalers, and other resellers without the consent of Lumondi ("Gray Market Goods").

WHEREAS, Defendants allegedly purchased and sold Gray Market Goods that were physically altered by, *inter alia*, having their Quality Codes scratched off and/or stamped over with LUMINOX shield logos ("Infringing Goods").

WHEREAS, on or about May 16, 2014, Plaintiff notified Defendants of their alleged violations of Plaintiff's Trademarks, deceptive advertising, and sale of Infringing Goods.

28267287v7

WHEREAS, on or about June 25, 2014, Defendants responded to Plaintiff's cease and desist letter that they would stop selling Infringing Goods, yet they allegedly continued to sell Infringing Goods on their websites.

WHEREAS, Plaintiff commenced an action on August 25, 2014, in the United States District Court, Northern District of California, against Defendants, case number CV 14-03891 JD, asserting claims arising out of Defendants' acts and omissions in connection with their alleged sale of Infringing Goods (the "Pending Action").

WHEREAS, Defendants have denied all of the allegations that Plaintiff has made against them in the Pending Action.

WHEREAS, Plaintiff and Defendants recognize the uncertainties and expense of litigation and are desirous of settling fully and finally all differences between them upon the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable considerations, including the mutual covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties have agreed and do hereby agree as follows:

1.    Incorporation by Reference:  The Recitals above are hereby incorporated by reference into this Agreement.

2.    Settlement Payment:  Defendants shall make a lump sum payment to Plaintiff in the amount of Twenty-Two Thousand Five Hundred U.S. DOLLARS ($22,500) (the "Settlement Payment").  Plaintiff acknowledges receipt of Five Thousand Dollars ($5,000).  The remaining sum of Seventeen Thousand Five Hundred Dollars ($17,500) shall be made by wire or by check, and shall be payable to Fox Rothschild LLP Trust Account, Taxpayer I.D. No. 23-1404723, and sent care of Perla Kuhn, Fox Rothschild LLP, 100 Park Avenue, Suite 1500, New York, NY 10017, by May 5, 2015. The Parties acknowledge and agree that time is of the essence.

3.    <u>Cease and Desist from Infringing Plaintiff's Trademarks</u>: Each Defendant for itself, himself, and its officers, directors, shareholders, members, and employees, as the case may be, agrees to immediately cease, and will continue to refrain from using, or actively causing to be used, Plaintiff's Trademarks, including any colorable imitations thereof and marks which are confusingly similar thereto, in any manner, including, but not limited to, importing, sale, advertising, and/or marketing of any and all Gray Market Goods and Infringing Goods.  In return, Plaintiff offers Defendant Area Trend, LLC to become an authorized dealer of Plaintiff on the standard terms and conditions applicable to any other dealer with the opportunity to sell overstock and closeout goods.  Promptly upon the execution of this Settlement Agreement, Plaintiff shall provide Area Trend, LLC with a standard authorized dealer agreement for review and execution, and the opportunity to become a dealer of overstock and closeouts merchandise.  Beginning 18 months from the termination of the authorized dealer agreement between them, Defendants may import and sell legitimate, non-infringing goods.

4.    <u>Information Related to the Supplier, Sales, and Inventory of Gray Market Goods and Infringing Goods</u>: Each Defendant shall provide the categories of information described in subparagraphs (a) – (c) <u>within ten (10) business days of the signing of the Agreement by Defendants,</u> but not later than May 8, 2015, on a confidential basis.  For the purposes of this paragraph, Plaintiff agrees not to disclose the information other than to its employees, attorneys, and agents, and will take reasonable steps to protect the secrecy of the information provided hereunder, except when information is required to be disclosed in a judicial or administrative proceeding, or it is otherwise requested or required to be disclosed by law or regulation. Information provided under this paragraph shall not be deemed proprietary or confidential if such information was known to Plaintiff prior to Defendants' disclosure, has become publicly known, or independently acquired by Plaintiff.

(a)    The names, last known addresses, and as they may exist website addresses, telephone numbers, email addresses, and facsimile numbers of each person or

- 3 -

entity from whom any of the Defendants ordered, purchased, or consigned any of the Infringing Goods.

(b)    Itemized gross and net profit statements for all transactions involving Infringing Goods.

(c)    The number of Infringing Goods purchased, sold, and remaining in inventory and copies of purchase orders and invoices for such infringing goods as of March 31, 2015;

(d)    The names, last known addresses, website addresses, and as they may exist website addresses, telephone numbers, email addresses, and facsimile numbers of each person or entity from whom any of the Defendants ordered, purchased, or consigned any of the Gray Market Goods, including any persons or entities who offered to sell, assign, or consign any Gray Market Goods.

(e)    The number of Gray Market Goods purchased, sold, and remaining in inventory for the time period between April 1, 2014 through March 31, 2015, and copies of all purchase orders and invoices for each of the aforementioned Gray Market Goods for the period of April 1, 2014 to March 31, 2015.

5.    Information Related to Defendants' Website Listing Gray Market Goods and Infringing Goods: Within ten (10) business days of the signing of the Agreement by Defendants, but not later than May 8, 2015, each Defendant shall send to Plaintiff's counsel, via email (i) a list of every website used to offer for sale any Infringing Goods; and (ii) a list of every websites used to publish sales, marketing, and/or promotional materials related to any Gray Market Goods and Infringing Goods.

6.    Removal of References to Infringing Goods: Within ten (10) business days of the signing of the Agreement by Defendants, but not later than May 8, 2015, each Defendant shall have removed or cause to be removed all references, marketing and promotional materials related to Infringing Goods from any and all websites under the

sole or joint ownership, administration and/or control of any Defendant ("Defendants' Websites"). On or before May 8, 2015, each Defendant shall have removed or caused to be removed all references, marketing and promotional materials related to Infringing Goods from Defendants' marketing and promotional brochures, catalogues and other materials and shall cease using such marketing and promotional materials. Defendants hereby agree to use their best efforts to have revised or deleted (or hidden from view of the greatest possible number of persons) any and all references to Infringing Goods. [The term "Defendants' Websites" is hereby deemed to include, without limitation, www.arcatrend.com, www.mrwatch.com, and any other website owned, administered, controlled, licensed, authorized, and/or accessible by any Defendant, either solely or jointly with another person or entity; any accounts/pages/profiles on Twitter, Facebook, Pinterest, Instagram and other social media sites over which the Defendant has the authority to make deletions or changes; and Amazon, Newegg, eBay, and any other e-commerce, online retail or auction listings owned, administered, controlled, licensed, authorized, and/or any Defendant, either solely or jointly with another person or entity.]

7. <u>Remaining Gray Market Goods and Infringing Goods:</u>

    (a)    <u>Surrender of Infringing Goods to Plaintiff</u>:  By the close of business on <u>April 30, 2015</u>, each Defendant shall cause to be delivered to Plaintiff's counsel each and every Infringing Goods within any of Defendant's direct or indirect possession, custody or control.

    (b)    <u>Remaining Gray Market Goods</u>: Defendants represent and warrant that as of the date of the signing of this Agreement, that there are approximately 190 units of Gray Market Goods in their possession and have purchased but not yet taken possession of approximately 0 additional units of Gray Market Goods ("Remaining Gray Market Goods"). A complete list of Defendants' remaining Gray Market Goods inventory, including the names and addresses of Sellers, shall be provided by Defendants to Plaintiff's attorneys within ten (10) days of the signing of the Agreement by Plaintiffs. Defendants further represent and warrant that they do not own, possess, control, or

otherwise have any right to sell any additional units of Gray Market Goods than the specific number of units disclosed herein.  With regard to the Remaining Gray Market Goods, Defendants shall comply with each of the following terms:

       (i)     Defendants shall dispose of Remaining Inventory of Gray Market Goods within 30 days of the Effective Date.

       (ii)    Defendants shall provide to Plaintiff a copy of each purchase order, invoice, and proof of payment for the Remaining Gray Market Goods.

       (iii)   Defendant shall produce all Remaining Gray Market Goods for inspection by Plaintiff's agent at Defendants' warehouse in Canton, Ohio, after the date of signing of this agreement.

       (iv)   If any of the Remaining Gray Market Goods are altered goods, *inter alia*, by over-stamping, etching, scratching, or any other means that resulted in alteration of any degree and kind on any of the Remaining Gray Market Goods, Defendants shall submit each of the altered units to Plaintiff's service center to replace the altered components at Defendants' own cost.

    8.    <u>Dismissal of Action</u>.  Within five business days of Plaintiff's timely receipt of the Settlement Payment set forth in Paragraph 2 and the Information set forth in Paragraphs 4 and 5 above, Plaintiff shall file a Stipulation and Order of Dismissal Without Prejudice in the Form attached as Exhibit "A" hereto.

    9.    <u>General Releases</u>:

    (a)    <u>General Release of Defendants</u>:  Subject to the timely receipt of the Settlement Payment by counsel for Plaintiff and Defendants' performance of each of the terms set forth in Paragraphs 3 through 7 above, then Plaintiff on behalf of itself, its officers, directors, shareholders, members, employees, successors and assigns, without the necessity for further action, hereby releases and forever discharges Defendants and each of them and each of their officers, directors, shareholders, members, employees, successors, assigns, and attorneys from and against any and all claims, demands, rights, causes of action, liabilities, obligations, liens, damages, penalties, costs, expenses,

28267287v7

remedies, attorneys' fees, expert witness fees and expenses, of every nature, character and description, whether known or unknown, and whether at law, in equity or otherwise, which it, or any of its predecessors, now own or hold by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done prior to the Effective Date of this Agreement, relating to, arising out of or in any way concerning any use or infringement of any of Plaintiff's Trademarks, any advertising, marketing, promotion or sales of any products or services by any Defendant, the subject matter of the Pending Action.

(b) General Release of Plaintiff: Subject to the timely dismissal of the Pending Action as set forth in Paragraph 8 hereof, each Defendant, on behalf of himself, herself, or itself, and on behalf of their officers, directors, shareholders, members, employees, successors and assigns, without the necessity for further action, hereby releases and forever discharges Plaintiff and its officers, directors, shareholders, members, employees, successors, assigns, and attorneys from and against any and all claims, demands, rights, causes of action, liabilities, obligations, liens, damages, penalties, costs, expenses, remedies, attorneys' fees, expert witness fees and expenses, of every nature, character and description, whether known or unknown, and whether at law, in equity or otherwise, which it, or any of its predecessors, now own or hold by reason of any matter, cause or thing whatsoever occurred, done, omitted or suffered to be done prior to the Effective Date of this Agreement, relating to, arising out of or in any way concerning any use of infringement of any of Plaintiff's Trademarks, any advertising, marketing, promotion or sales of any products or services by any Defendant, the subject matter of the Pending Action.

The foregoing is not intended to release any Party from breach of this Agreement or bar any action to enforce the terms of this Agreement.

10. Waiver of Section 1542. Except as provided in this Agreement and subject to any other limitation set forth in this Agreement, each Party hereby waives such rights as may otherwise exist pursuant to California Civil Code § 1542, which provides:

28267287v7

> **A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her, must
> have materially affected his or her settlement with the debtor.**

With respect to the matters released in this Agreement, Each of the Parties further represents that it, she and he understands and acknowledges the significance and consequences of a waiver of California Civil Code § 1542 and that it, she and he has nonetheless entered into the waiver after consulting with that Parties own counsel.

    11.    <u>Stipulated Judgment</u>:  The Parties hereto acknowledge and agree that damages alone would be inadequate to compensate in the event of a breach by any Defendant of the covenants and terms set forth herein, including any further infringement of Plaintiff's Trademarks.  In the event of a breach by Defendants of any of the terms set forth in Paragraphs 2 through 7 of this Agreement, the Stipulated Judgment And Permanent Injunction Against Defendants ("Stipulated Judgment"), shall be entered in the District Court against each of the Defendants, jointly and severally, for equitable relief requiring strict performance by each of the Defendants of the terms set forth in this Agreement and monetary damages award in the amount of $100,000.  The Stipulated Judgment is attached hereto as Exhibit B and is hereby incorporated by reference herein. As a part of this Settlement Agreement, the Parties shall execute the attached Stipulated Judgment.  In Any liability for breach of this Agreement by any Defendant (or its officers, directors, shareholders, members, or employees) shall be **joint and several** to that Defendant and its officers, directors, shareholders, members or employees.

    12.    <u>Warranties and Representations</u>.  Each of the Parties hereto further warrants, represents and agrees that such Party has not previously assigned or transferred, or attempted to assign or transfer, to any person or entity, other than another Party making the release, any action or actions, or cause or causes of action at law, in equity or otherwise, suits, claims, debts, liens, contracts, agreements, notes, promises, liabilities, rights, claims, demands, costs, expenses (including, without limitation, attorneys' fees), damages, losses or remedies hereinabove released.

- 8 -

13.    <u>Default and Notice to Cure</u>:  Failure to perform and comply with each of the terms set forth in Paragraphs 2 through 7 hereof shall constitute a default under this Agreement ("Default").  Defendants shall have seven (7) days from receipt of notice from Plaintiff such Default to cure such Default ("Grace Period").   **<u>Plaintiff may file the Stipulated Judgment against each of the Defendants as set forth in Paragraph 11 should Defendants fail to cure any Defaults within the Grace Period.</u>**

14.    <u>Cooperation</u>:  Each Party hereby agrees to execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement.

15.    <u>Notice</u>:    Any notice, request, demand, instrument or any other communication to be given to any Party to this Agreement shall be in writing addressed as follows:

| **For Plaintiff:** <br><br> **LUMONDI, INC.** <br><br> c/o Barry Cohen <br> 2301 Kerner Blvd., Suite A <br> San Rafael, CA  94901 | <u>with copy to:</u> <br><br> Perla Kuhn <br> Fox Rothschild LLP <br> 100 Park Avenue, 15th Floor <br> New York, NY 10017 <br> Phone: (212) 878-7900 <br> Fax: (212) 692-0940 <br> Email: pkuhn@foxrothschild.com |
|---|---|
| **For Defendants:** <br><br> Area Trend, LLC & Kasper Holdings, LLC <br> c/o Eric Kasper <br> ** Please Provide Defendants' Current Address | <u>with copy to:</u> <br><br> Donald R. Dinan <br> Roetzel & Andress <br> 600 14th Street, N.W., Suite 400 <br> Washington, D.C. 20005 <br> Phone: (202) 216-8302 <br> Fax: (202) 338-6340 <br> Email: ddinan@ralaw.com |

It may be personally delivered, in which case delivery shall be deemed immediate, or may be sent by overnight delivery, signature required, in which case a

copy shall also be sent by email to the parties' respective counsel listed above and the notice shall be deemed delivered upon receipt of such overnight delivery. Any Party may change his, her or its address at any time by a notice in conformance with this paragraph.

16.     Governing Law: This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with and governed by the laws of the State of California.

17.     Entire Agreement: This Agreement is the entire agreement between the Parties with respect to the subject matter hereof and it supersedes all prior and contemporaneous oral and written agreements and discussions, if any, which are hereby merged into this Agreement. This Agreement may be amended only by an agreement in writing signed by the Parties hereto.

18.     Binding on Successor: This Agreement shall bind and inure to the benefit of the Parties hereto, and their respective successors and assigns.

19.     Interpretation and Construction: Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, it shall not be construed against any Party merely because such Party may have drafted all or part of this Agreement. If any part of this Agreement is construed to be unenforceable or void, then the remainder of this Agreement shall nevertheless remain in full force and effect.

20.     Attorneys' Fees:  In the event any action or proceeding is instituted to interpret or enforce any of the provisions of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs, whether or not statutory costs.

21.     Costs: Each Party shall bear its or his own attorneys' fees and costs in connection with this Agreement and the negotiations of it as well as all attorneys' fees and costs incurred in connection with the Pending Action.

- 10 -

IN WITNESS WHEREOF, the Parties hereto have agreed to sign this Agreement in counterparts.  Defendants agree to provide an electronic signed copy of this Agreement no later than April 24, 2015.

AREA TREND, LLC

DATED: _4/24/15_

Print Name: _Eric Kasper_
Title: _President_

KASPER HOLDINGS, LLC

DATED: _4/24/15_

Print Name: _Eric Kasper_
Title: _President_

DATED: _4/24/15_

ERIC KASPER, Individually

LUMONDI, INC.

DATED:_____

By: Barry Cohen
Title: _____

**ATTACHMENTS TO SETTLEMENT AGREEMENT**

EXHIBIT A:  STIPULATED DISMISSAL

EXHIBIT B:   STIPULATED JUDGMENT

IN WITNESS WHEREOF, the Parties hereto have agreed to sign this Agreement in counterparts.  Defendants agree to provide an electronic signed copy of this Agreement no later than April 24, 2015.

AREA TREND, LLC

DATED:_____

Print Name: _____
Title: _____

KASPER HOLDINGS, LLC

DATED:_____

Print Name: _____
Title: _____

DATED: _____

ERIC KASPER, Individually

LUMONDI, INC.

DATED:___4/2 4/15___

By: Barry Cohen
Title: _____PRESIDENT____

**ATTACHMENTS TO SETTLEMENT AGREEMENT**

EXHIBIT A:  STIPULATED DISMISSAL

EXHIBIT B:   STIPULATED JUDGMENT

28267287v7

# EXHIBIT A

1  Jeffrey S. Kravitz (SBN 66481)
       jskravitz@foxrothchild.com
2  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
3  Los Angeles, CA 90067-1506
   Telephone: 310.598.4150 | Facsimile:
4  310.556.9828

5  Jaemin Chang (SBN 232612)
       jchang@foxrothchild.com
6  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
7  San Francisco, CA 94104
   Telephone: 415.364.5540 | Facsimile:
8  415.391.4436

9  Attorneys for Plaintiff LUMONDI, INC.,
   a Delaware corporation

Donald R. Dinan (DC Bar No. 234997)
    ddinan@ralaw.com
ROETZEL & ANDRESS LPA
600 14ᵗʰ Street, NW, Suite 400
Washington, DC 20005
Telephone (202) 625-0600

Richard A. Tamor (SBN 176529)
    rtamor@tamorlaw.com
TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone (415) 655-1969
Facsimile (415) 887-7658

Attorneys for Defendants AREA
TREND, LLC, and KASPER
HOLDINGS, LLC

10

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15  LUMONDI, INC.,
    a Delaware corporation,
16
            Plaintiff,
17
       vs.
18
    AREA TREND, LLC, an Ohio limited
19  liability company; KASPER
    HOLDINGS, LLC, an Ohio limited
20  liability company; and DOES 1-50
    inclusive,
21
            Defendants.
22

Case No.: CV 14-03891 JD

**STIPULATED JUDGMENT AND INJUNCTION AGAINST DEFENDANTS AREA TREND, LLC AND KASPER HOLDINGS, LLC AND ORDER**

Date of Filing: August 27, 2014

23                      **STIPULATION**

24

25      It is hereby stipulated by and among plaintiff Lumondi, Inc. ("Plaintiff") and

26  defendants Area Trend, LLC and Kasper Holdings, LLC ("Defendants") that the

27  following Judgment and Permanent Injunction against Defendants be entered by the

28  Court without further notice or process:

ACTIVE 29802889v1 04/22/2015                    1
STIPULATED JUDGMENT AND INJUNCTION                          CASE NO. CV 14-03891 JD

1.    Defendants stipulate that, along with their respective agents, servants, employees, representatives, successors, and assigns, and all those persons acting at their direction or control, shall be and hereby are ENJOINED and RESTRAINED from:

    a.    imitating, copying, or making any other infringing use or infringing distribution of any goods or any other items or things protected by Plaintiff's trademarks, namely, U.S. Registration No. 2,329,580 for the word "LUMINOX" and U.S. Registration No. 2,125,932 for the shield design logo which includes the word "LUMINOX"; a common law trademark in the standard characters "LUMINOX"; and any other items or works now or hereafter protected by any of the foregoing (which are referred to in this Agreement collectively and severally as "Plaintiff's Trademarks");

    b.    importing (to the United States), offering to the public, providing and trafficking in LUMINOX brand watches for sale within the United States from unauthorized importers, distributors, wholesalers, and/or resellers ("Gray Market Goods").

    c.    importing, purchasing, and offering to the public goods stamped with counterfeit LUMINOX shield logos and/or LUMINOX brand watches that have been tampered with – e.g., the Quality Codes that were scratched off and counterfeit LUMINOX shield logos stamped over the Quality Codes on the back of the watches ("Counterfeit Goods").

    d.    imitating, copying, or making any other infringing use or infringing distribution of any goods now or hereafter protected by Plaintiff's registered trademarks, namely, U.S. Registration No. 2,329,580 for the word "LUMINOX" and Registration No. 2,125,932 for the shield design logo which includes the word "LUMINOX";

e.   manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods, components, or things bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's registered Trademarks;

f.   using any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered Trademarks, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any goods, components, and/or items not authorized or licensed by Plaintiff;

g.   using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any goods, components, or items have been manufactured, assembled, produced, distributed, offered for distribution or circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

h.   using reproductions, counterfeits, copies or colorable imitations of Plaintiff's trademark protected goods and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any merchandise not authorized or licensed by Plaintiff;

i.   engaging in any other activity constituting an infringement of Plaintiff's Trademarks, or of Plaintiff's rights in, or right to use or to exploit these Trademarks;

j.   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a through i above.

2.     With the exception of subsection 1(a) above, the terms of this injunction will end __18__ months after the termination of the authorized dealer agreement between Luminox, Inc. and Area Trend, LLC as set forth in the Settlement Agreement referenced in the Stipulated Request for Dismissal and Order entered in this case.

3.     Nothing in this Stipulated Judgment and Injunction shall bar or prevent Defendants Area Trend, LLC or Kasper Holdings, LLC from selling Gray Market Goods as provided by Section 7(b)(i) of the above-referenced Settlement Agreement.

4.     The Court shall retain jurisdiction to enforce the provisions of this Judgment, including the permanent junctive terms set forth in paragraph 1 above. Defendants specifically consent to personal jurisdiction and venue in the United States District Court for the Northern District of California.

5.     Defendants stipulate that they will provide written notice to Plaintiff's counsel of any changes in the name and/or address of any Area Trend, LLC and Kasper Holdings, LLC.

6.     Upon proof of any violations by Defendants of the provisions of this Permanent Injunction, the Court shall be authorized to award damages in the amount of $100,000 or any other amount proved by the Plaintiff and other relief therefor, including any damages that Plaintiff had previously released pursuant to the terms of the Settlement Agreement between Plaintiff and Defendants.

7.     Defendants affirm that their consent to this Stipulation is given freely and voluntarily, and after having had the opportunity to seek legal counsel.

AREA TREND, LLC

DATED: April 23, 2015

Print Name: _Eric Kasper_
Title: _President_

KASPER HOLDINGS, LLC

DATED: April 23, 2015

Print Name: _Eric Kasper_
Title: _President_

DATED: April 23, 2015

ERIC KASPER

LUMONDI, INC.

DATED: April 23, 2015

Print Name: _____
Title: _____

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

The Honorable Judge James Donato
United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

ROETZEL & ANDRESS

DATED: _____

Donald R. Dinan, Esq.
Attorneys for Defendants Area Trend, LLC,
Kasper Holdings, LLC and Eric Kasper

FOX ROTHSCHILD LLP

DATED: _____

Jeffrey S. Kravitz
Attorneys for Plaintiff Lumondi, Inc.

1          KASPER HOLDINGS, LLC

2     DATED: April 23, 2015

3                              Print Name: _____
                               Title: _____
4

5     DATED: April 23, 2015     _____

6                              ERIC KASPER

7                              LUMONDI, INC.

      DATED: April 23, 2015
8                              Print Name: _____
                               Title: _____
9

10                        **ORDER**

11          PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13

14    Dated: _____

15

16                            _____
                              The Honorable Judge James Donato
17                            United States District Court Judge

18

19

20    APPROVED AS TO FORM AND CONTENT:

21                            ROETZEL & ANDRESS

22    DATED:_____    _____
                              Donald R. Dinan, Esq.
23                            Attorneys for Defendants Area Trend, LLC,
                              Kasper Holdings, LLC and Eric Kasper
24
                              FOX ROTHSCHILD LLP
25

26    DATED: _____       _____
                              Jeffrey S. Kravitz
27                            Attorneys for Plaintiff Lumondi, Inc.

28

# EXHIBIT B

1 | Jeffrey S. Kravitz (SBN 66481)
    jskravitz@foxrothchild.com
2 | **FOX ROTHSCHILD** LLP
    1800 Century Park East, Suite 300
3 | Los Angeles, CA 90067-1506
    Telephone: 310.598.4150 | Facsimile:
4 | 310.556.9828

5 | Jaemin Chang (SBN 232612)
    jchang@foxrothchild.com
6 | **FOX ROTHSCHILD LLP**
    345 California Street, Suite 2200
7 | San Francisco, CA 94104
    Telephone: 415.364.5540 | Facsimile:
8 | 415.391.4436

9 | Attorneys for Plaintiff LUMONDI, INC.,
    a Delaware corporation

Donald R. Dinan (DC Bar No. 234997)
    ddinan@ralaw.com
ROETZEL & ANDRESS LPA
600 14th Street, NW, Suite 400
Washington, DC 20005
Telephone (202) 625-0600

Richard A. Tamor (SBN 176529)
    rtamor@tamorlaw.com
TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone (415) 655-1969
Facsimile (415) 887-7658

Attorneys for Defendants AREA TREND,
LLC, and KASPER HOLDINGS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| LUMONDI, INC.,<br>a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>AREA TREND, LLC, an Ohio limited<br>liability company; KASPER<br>HOLDINGS, LLC, an Ohio limited<br>liability company; and DOES 1-50<br>inclusive,<br><br>        Defendants. | Case No.: CV 14-03891 JD<br><br>**STIPULATED REQUEST FOR<br>DISMISSAL AND ORDER**<br><br><br><br>Date of Filing: August 27, 2014 |
| --- | --- |

Plaintiff LUMONDI, INC. ("Plaintiff") on the one hand and Defendants AREA

TREND, LLC and KASPER HOLDINGS, LLC ("Defendants"), on the other hand,

hereby stipulate as follows:

WHEREAS, Plaintiff commenced an action on August 25, 2014, in the United

States District Court, Northern District of California, against Defendants, case number

1   CV 14-03891 JC asserting claims styled as trademark infringement, trademark

2   dilution, false advertisement, and unfair competition (the "Pending Action").

3        WHEREAS, Plaintiff is the owner of all right, title and interest in the valid

4   trademarks U.S. Registration No. 2,329,580 (" '580 Registration") for the word

5   "LUMINOX"; Registration No. 2,125,932 (" '932 Registration") for the shield design

6   logo which includes the word "LUMINOX"; and a common law trademark in the

7   standard characters "LUMINOX" (which are referred to in this Agreement

8   collectively and severally as "Plaintiff's Trademarks").

9        WHEREAS, the Parties entered into a settlement agreement resolving the

10   disputes between them that are the subject of this action.

11        WHEREAS, Defendants' deadline to complete their performance under the

12   settlement agreement is  _5/12/2015_ .

13        Therefore, a copy of the fully executed settlement agreement referenced above

14   is attached hereto as Exhibit A and incorporated fully as a part of this dismissal order.

15        Therefore, the Parties hereby request entry of dismissal of the underlying action

16   with prejudice.

17        The Parties hereby further request that this Court retain jurisdiction for the

18   limited purposes of enforcing the settlement agreement, including entry of and

19   enforcement of the Consent Judgment, in this action in the event of a default under the

20   settlement agreement.

21   Dated:  April 23, 2015        FOX ROTHSCHILD LLP

22

23                     By _Jaemin Chang /s/_

                             Jaemin Chang

24                              Attorneys for Plaintiff LUMONDI, INC.

    Dated:  April 23, 2015        ROETZEL & ANDRESS

25

26                     By _Donald R. Dinan /s/_

                             Donald R. Dinan

27                              Attorneys for Defendants AREA TREND, LLC

28                              and KASPER HOLDINGS, LLC

1

## ORDER

2          ORDERED AND ENTERED, in the United States District Court for the

3   Northern District of California.

4

5   Dated: _____

6

7                                    _____
                                     The Honorable Judge James Donato
                                     United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28